# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAWRENCE  J. STEINERT,

             Plaintiff,

                                    CIVIL ACTION

v.

                                      No. 98-2564-CM-GLR

THE WINN GROUP, INC.,
and JAMES G. WINN,

             Defendants.

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on two Motions for a Protective Order and to Quash Notice of Deposition (docs. 211 and 214) filed by plaintiff's counsel, John Gage.  Pursuant to Fed. R. Civ. P. 26(c), Mr. Gage requests a protective order to preclude defendants from deposing him and to quash the notices for his deposition on January 11, 2007 and January 20, 2007.  Defendants oppose the motions, arguing that they are entitled to depose Mr. Gage, pursuant to Fed. R. Civ. P. 69(a), in order to aid execution of the Court's October 23, 2006 Amended Judgment, which imposed monetary sanctions upon Mr. Gage.

The Court overrules the first motion for protective order (doc. 211) as moot.  The date of the proposed deposition has expired.  The second motion, moreover, supercedes and incorporates the reasoning stated in the first one.

Fed. R. Civ. P. 26(c) provides that a court upon a showing of good cause "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."  The party seeking a protective order has the burden

of persuasion to show good cause for it.[1]  To establish good cause, that party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[2]  The decision to enter a protective order is within the court's discretion.[3]

Mr. Gage raises the procedural issue that he cannot be compelled to appear for deposition upon being served merely with a notice of deposition.  He contends that defendants must instead serve him, a non-party to the action, with a subpoena, pursuant to Fed. R. Civ. P. 45.   Defendants have not disputed Mr. Gage's contention that the proper procedure for deposing him as a non-party requires service of a subpoena.  The Court will therefore sustain the motion in part as to that issue.

Mr. Gage also argues that defendants intend to question him regarding his representation of other clients and about matters and documents protected by the attorney-client privilege and the work product doctrine.  He states that he attempted to confer with defendants to set limits upon the parameters of his deposition, so as to avoid  problems relating to such privilege and work product.  Notwithstanding his efforts to confer, Mr. Gage has concerns, based upon the documents sought by the requests for production, that defendants intend to question him regarding other matters in which he represents clients, as well as documents which both he and his clients have agreed with others to keep confidential.  He argues that such questioning very clearly would infringe upon areas which he is ethically precluded from discussing.

Defendants maintain that they are entitled, pursuant to Fed. R. Civ. P. 69(a), to depose Mr. Gage in order to aid execution of their judgment.  They state that the deposition request seeks only

---

[1]*Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[2]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[3]*Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).

2

relevant and non-privileged information from Mr. Gage.  This information is crucial to their preparation to execution of the judgment.

A judgment creditor is entitled to post-judgment discovery pursuant to Fed. R. Civ. P. 69(a). That Rule provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held."[4]  The Advisory Committee Notes for the 1970 Amendment to Rule 69 further provide that "the amendment assures that, in aid of execution on a judgment, all discovery procedures provided in the rules are available and not just discovery via the taking of a deposition."[5]

The Court finds that defendants, as a judgment creditor, are entitled pursuant to Fed. R. Civ. P. 69(a) to obtain discovery from Mr. Gage, including deposing him to aid execution of the judgment.  Defendants indicate they only seek only relevant and non-privileged information.  Mr. Gage, however, has persuaded the Court that additional limitation upon the parameters of his deposition is necessary.  Upon this showing of good cause, the Court will therefore sustain the motion in part and overrule it in part.  The motion will be sustained only to the extent that the scope of the discovery shall be limited to information relevant to aid defendants in execution of the judgment against Mr. Gage and not to other issues raised in the underlying action between plaintiff and defendants.  To limit discovery only to the assets of plaintiff's attorney, however, is too restrictive because defendants should have access to information as to prospective income or receipts that plaintiff's attorney may not yet have realized or reduced to  assets.

---

[4]Fed. R. Civ. P. 69(a).

[5]Fed. R. Civ. P. 69 advisory committee's note.

Mr. Gage's objections as to documents or other information that may be subject to privilege or work product are premature.  His proper recourse is not a protective order against giving testimony or producing documents, but rather to refuse, when asked, to answer specific questions or to produce specific documents upon any legitimate grounds of privilege or work product.

**IT IS THEREFORE ORDERED THAT** the Motion for a Protective Order and to Quash Notice of Deposition of Plaintiff's counsel (doc. 211) is overruled as moot.

**IT IS FURTHER ORDERED THAT** the Motion for a Protective Order and to Quash Notice of Deposition of Plaintiff's counsel (doc. 214) is sustained in part and overruled in part, as set forth herein.  Defendants and Mr. Gage shall meet and confer regarding a mutually-convenient time to conduct the deposition of Mr. Gage.

**IT IS FURTHER ORDERED THAT** the parties' respective requests for expenses associated with these motions are denied.

Dated in Kansas City, Kansas on this 13th day of April, 2007.


s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge


cc:     All counsel

4